**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:20-cv-25270-PCH/Becerra

R.M.,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION[1] ON DEFENDANT'S MOTION TO TAX COSTS**

    **THIS CAUSE** is before the Court upon Defendant Miami-Dade County's Motion to Tax Costs. ECF No. [55]. Plaintiff R.M. filed a Response in Opposition, ECF No. [56], and Defendant filed a Reply, ECF No. [58]. Upon due consideration, it is hereby **RECOMMENDED** that Defendant's Motion be **GRANTED**, and that Defendant be awarded $4,241.55 in costs.

    **I.**    **BACKGROUND**

    On December 28, 2020, Plaintiff, a minor, filed this action by and through her parent and legal guardian. ECF Nos. [1], [16]. The Amended Complaint alleged that Plaintiff was subjected to discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992. ECF No. [16] at 1. On March 17, 2022, the District Court granted summary judgment in Defendant's favor, dismissed the action with prejudice, and entered Final Judgment for Defendant. ECF Nos. [53], [54].

    On April 15, 2022, Defendant filed the instant Motion, seeking $4,241.55 in costs. ECF No. [55]. Specifically, Defendant seeks: (1) $4,233.75 in costs for printed or electronically

---

[1] The Honorable Paul C. Huck, Senior United States District Judge, referred this matter to the undersigned. ECF No. [57].

1

recorded transcripts necessarily obtained for use in this case; and (2) $7.80 in copying costs. ECF No. [55-1]. As to the transcripts, Defendant seeks reimbursement relating to the following depositions: Plaintiff ($358.75), John Edward Dixon, Jr. ($875.00), Traci Pollock ($1,125.00); Jeffreca Bromery ($875.00); and Clevell Brown-Jennings ($750.00). ECF No. [55] at 3. As to copying, Defendant seeks reimbursement for copying exhibits used in Plaintiff's deposition. *Id.*

In response, Plaintiff first argues that, in the interest of justice, costs should not be awarded because she brought the suit as a minor and has since enlisted in the United States Navy. ECF No. [56] at 1–2. Plaintiff concedes that there is no caselaw in support of this position. *Id.* at 1. In addition, Plaintiff argues that copying costs should not be awarded because Defendant failed to submit an invoice for the costs that indicates the number of pages copied to allow for a calculation of the rate. *Id.* at 2.

In its Reply, Defendant points to the fact that Plaintiff does not dispute that the deposition transcripts were necessarily obtained for use in the case. ECF No. [58] at 1–2. Moreover, Defendant argues that it is entitled to the copying costs because the invoice attached to the Bill of Costs specifically notes the number of pages copied and the rate. *Id.* at 2.

II.   ANALYSIS

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citing Fed. R. Civ. P. 54(d)(1)). Indeed, a presumption exists in favor of awarding costs. *Id.* "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Section 1920 "defines the term 'costs' as used in Rule 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 437 (1987). The specific costs which may be awarded set forth in Section 1920 are as follows:

(1)  Fees of the clerk and marshal;
(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)  Fees and disbursements for printing and witnesses;
(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)  Docket fees under section 1923 of this title;
(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Upon the filing of a timely bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of 28 U.S.C. § 1920 or are otherwise unreasonable. *See, e.g.*, *Kaplan v. Nautilus Ins. Co.*, No. 1:17-CV-24453-KMM, 2020 WL 9458649, at *2 (S.D. Fla. Aug. 11, 2020) ("Because the parties have equal knowledge to the utility of transcripts, the party who challenges the proposed costs bears the burden of showing that specific deposition costs . . . [were] not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition.") (citation and quotations omitted); *Sensormatic Elecs. Corp. v. Tag Co. US*, No. 0681105CIV, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) (party challenging costs bears the burden).

Deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *EEOC v. W & O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (citation and quotations omitted); *see also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015). "To satisfy the necessarily obtained requirement . . . a deposition must only appear to

3

have been reasonably necessary when it was taken." *Hernandez v. Sams E., Inc.*, No. 20-CV-61648, 2021 WL 4080786, at \*2 (S.D. Fla. Aug. 13, 2021), *report and recommendation adopted sub nom. Hernandez v. Sam's E., Inc.*, No. 20-CV-61648-RAR, 2021 WL 4077955 (S.D. Fla. Sept. 8, 2021) (citing *W&O Inc.*, 213 F.3d at 620–22 (quotations omitted)); *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at \*1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391, at \*1.

In this case, there is no dispute that Defendant is the prevailing party, warranting an award of taxable costs. As such, the only issue before the Court is whether the requested costs are taxable. Here too, there appears to be little dispute. Defendant seeks $4,233.75 for five deposition transcripts. ECF No. [55] at 3. Plaintiff does not dispute that these transcripts were necessarily obtained for use in the case. Instead, Plaintiff argues that because she was a minor when this case was initiated and because she has since enlisted in the Navy, the Court should not award costs. As Plaintiff concedes, however, there is no case law in support for this argument. Although the Court recognizes Plaintiff's circumstances, she was represented by counsel and certainly understood the risks of litigating this matter. Moreover, it is apparent from the record that the depositions were necessarily obtained, as they were in fact used in support of Defendant's Motion for Summary Judgment. *See* ECF No. [36]. Because Plaintiff does not object that the depositions at issues were necessarily obtained for use in this case, the undersigned finds that these costs are recoverable, and that Defendant is entitled to the $4,233.75 in costs for these depositions.

Defendant also seeks $7.80 in copying costs for the exhibits used in Plaintiff's deposition. ECF No. [55] at 3. Photocopying costs are taxable if they were necessarily obtained for use in a case pursuant to Section 1920(4) or the incurring party reasonably believed they were necessary for pending litigation. *W & O Inc.*, 213 F. 3d at 621–22. The party requesting to tax costs must

"present . . . evidence regarding the documents copied including their use or intended use." *Cullens v. Georgia Dep't of Trans.*, 29 F. 3d 1489, 1494 (11th Cir. 1994) (citation omitted). Although Plaintiff argues that Defendant failed to submit an invoice, an invoice is attached to the Bill of Costs. *See* ECF No. [55-1] at 3. The invoice states that three pages of exhibits were copied at a rate of $0.60 per page and three more pages of color exhibits were copied at a rate of $2.00 per page. *Id.* Because there is no dispute that Plaintiff's' deposition was necessary in this case, it follows that the exhibits used in that deposition were also necessary. Accordingly, Defendant is entitled to the $7.80 in copying costs.

### III.   RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Defendants' Motion, ECF No. [71], be **GRANTED**, and that Defendants be awarded $4,241.55 in costs.

### IV.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on June 20, 2022.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**